UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAWN K. MCAVOY,

                    Plaintiff,

         -against-

SUFFOLK COUNTY SHERIFF DEMARCO, SUFFOLK
COUNTY CORRECTIONAL FACILITY, and
"SEVERAL [SUFFOLK COUNTY] SHERRIFFS [sic]
DEPUTIES in full/individual capacity,"

                    Defendants.
------------------------------------------------------------X

ORDER
14-CV-6293(SJF)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 16 2015 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On October 22, 2014, incarcerated *pro se* plaintiff Shawn K. McAvoy ("plaintiff") filed a complaint in this Court against Suffolk County Sheriff DeMarco ("Sheriff DeMarco"), Suffolk County Correctional Facility ("SCCF" or "the Jail") and "Several [Suffolk County] Sherriffs [sic] Deputies in full/individual capacity" (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's Section 1983 claims against Sheriff DeMarco, the Jail and as construed to be against the County of Suffolk ("the County") are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

I.    The Complaint[1]

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, see, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro*

Plaintiff alleges that on September 8, 2014, while he "was in the Sheriffs [sic] holding area in cell 6 waiting to be driven to court[,] [he] and another inmate were in a confrontation[,]" (Compl. at ¶ IV.), and "without being told to stop or freeze, the cell door cracked open and the sheriff's deputies came rushing in[,] grabbed only [him][,] * * * [and] then threw [him] into the wall face first * * *[,]" causing him to sustain a bruise on his forehead and a broken nose. (Id.) Plaintiff further alleges: (1) that he was then "slammed into a bench with a great deal of pressure applied to [his] face[,]" (id.); (2) that "[a]t this point both hands were behind [his] back with no resistance[,]" (id.); (3) that "[e]ven though [he] was not resisting and restrained, the deputies picked [him] up and carried [him] over to a drain accross [sic] the cell[,] * * * placed [his] eye socket directly on the center of the drain[,] * * * [and] kneed [him] in the back of the head," causing him to sustain "lacerations around [his] eye socket and significant bruising behind [his] left ear and [his] skull[,]" (id.); and (4) that the deputies also (a) twisted [his] arm to the point that [he] [could] not feel half [his] hand[,] * * * apply pressure, perform certain movements or close [his hand] fully[,]" (id.), (b) cuffed [him] behind [his] back with [his] right arm twisted and placed in a very painful position[,]" (id.); and (c) "placed [him] in a cell by [him]self where [he] fell unconcious [sic] with both of [his] hands behind [his] back[,] slamming the right side of [his] head." (Id.) According to plaintiff, approximately twenty-five (25) to thirty (30) minutes later, he was taken to Peconic Bay Medical Center, where x-rays and MRIs were performed and a doctor told him that his nose was broken and his hand was sprained and administered medication to him. (Id.) In addition to the bruising on his forehead, eyes, left ear and left side of his head; broken nose; and sprained right hand, plaintiff claims (1) that he "has pain in [his] forearm

---

se complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

running to [his] elbow when it [sic] closes the fist[,]" (Compl., ¶ IV.A); and (2) that "[b]esides the hospital treatment," he received no other medical treatment at the Jail and "they will not answer any request forms or grievance forms [he] ha[s] submitted." (Id.)

Plaintiff seeks to recover damages in the amount of three million dollars ($3,000,000.00) and to have cameras "installed in the underground tunnel, the prisoner holding area at the Suffolk Sheriff Deputy Station located under and or beside the County Court building." (Compl. at ¶ V).

II. Discussion

A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to construe them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937); accord Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87 (2d Cir. 2013).

B.   Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." See, e.g., Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592

F.3d 121, 127 (2d Cir. 2010) (citation omitted); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

      1.     Claims against the Jail

"'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" Garcia v. Dutchess Cnty., 43 F. Supp. 3d 281, 301 (S.D.N.Y. 2014) (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002)); see also Robischung-Walsh v. Nassau Cnty. Police Dep't, 699 F. Supp. 2d 563, 565 (E.D.N.Y. 2010), aff'd, 421 F. App'x 38 (2d Cir. 2011). Since the Jail is an administrative arm of the County, it lacks the capacity to be sued. See, e.g. Romanello v. Suffolk Cnty. Corr. Facility, No. 14-cv-5607, 2014 WL 6804257, at * 2 (E.D.N.Y. Dec. 3, 2014) (dismissing claims against the SCCF because it "has no legal identity separate and apart from Suffolk County."); James v. Suffolk Cnty. Corr. Facility, No. 13-cv-2344, 2013 WL 3189216, at * 3 (E.D.N.Y. June 20, 2013) (holding that since the SCCF "is merely an administrative arm of Suffolk County without an independent legal identity[,] * * * [it] lacks the capacity to be sued.") Accordingly, the claims against the Jail are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. However, since plaintiff is proceeding *pro se,* his Section 1983 claims against the Jail are construed as being brought against the County.

      2.     Municipal Liability

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the

5

municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012), cert. denied, 134 S. Ct. 125, 187 L. Ed. 2d 255 (2013); accord Matusick v. Erie Co. Water Auth., 757 F.3d 31, 62 (2d Cir. 2014). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Jones, 691 F.3d at 80; see also Connick v. Thompson, — U.S. —, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, — U.S. —, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 562 U.S. 29, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, — U.S.

—, 131 S.Ct. at 1359. In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" Connick, — U.S. —, 131 S. Ct. at 1360 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely negligent." Jones, 691 F.3d at 81; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("[T]he mere assertion that a municipality has * * * a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference * * *." (quotations, alterations and citation omitted)); accord Zherka v. City of New York, 459 F. App'x 10, 12 (2d Cir. Jan. 19, 2012) (summary order). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); accord Triano v. Town of Harrison, N.Y., 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

The complaint is devoid of any factual allegations from which it may reasonably be

inferred that a municipal policy or custom caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which is officially endorsed by the County or the Jail; (2) actions taken or decisions made by County or Jail policymaking officials which caused the alleged violation of his civil rights; (3) a County or Jail practice so persistent and widespread as to practically have the force of law; or (4) a failure by County or Jail policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Since the complaint fails to state a plausible Section 1983 claim against the County, plaintiff's Section 1983 claims as construed to be against the County are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before May 18, 2015,** plaintiff files an amended complaint re-pleading his Section 1983 claims against the County to correct the deficiencies set forth herein.

3. Claims Against Sheriff DeMarco

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. See Raspardo v. Carlone, 770 F.3d 97, 115, 116 (2d Cir. 2014) ("If a defendant has not *personally* violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant. * * * § 1983 requires individual, personalized liability on the part of each government defendant."); Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation omitted)). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, i.e., that the supervisory official

8

"commit[ted] the acts personally" or "authorize[d], order[ed], or help[ed] others to do the unlawful acts," Terebesi v. Torreso, 764 F.3d 217, 234 (2d Cir. 2014), or by evidence of the supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). "In addition to satisfying one of th[o]se requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." Raspardo, 770 F.3d at 116. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011).

Plaintiff has not alleged the direct participation of Sheriff DeMarco in any violation of his constitutional rights, nor any basis upon which to find Sheriff DeMarco liable in a supervisory capacity. Indeed, although plaintiff names Sheriff DeMarco as a defendant in the caption of his complaint, he does not mention him anywhere in the body of the complaint. Since the complaint fails to state a plausible Section 1983 claim against Sheriff DeMarco, plaintiff's Section 1983 claims against him are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **unless on or before May 18, 2015,** plaintiff

files an amended complaint re-pleading his Section 1983 claims against Sheriff DeMarco to correct the deficiencies set forth herein.

### 4. Claims Against the Unidentified Sheriff's Deputies

The United States Marshal Service ("USMS") will not be able to effect service of the summonses and the complaint on the unnamed defendants without more information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this order upon the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants allegedly involved in the incident described in the Complaint and provide such information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him.** Once the information is provided to the Court by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the complaint, this order and the Notice of Hearing dated April 16, 2015 upon those defendants.

## III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims against the Jail are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and plaintiff's Section 1983 claims against Sheriff DeMarco, and as construed to be against the County, are *sua sponte* dismissed

with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), **unless plaintiff files an amended complaint in accordance with this Order <u>on or before May 18, 2015</u>**. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

The Clerk of the Court is directed to serve copies of the complaint and this order on the Suffolk County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants described in the complaint and provide that information to the Court and plaintiff **within thirty (30) days from the date that this Order is served upon him**. Once the information is provided to the Court by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants; summonses shall be issued as to those defendants; and the USMS shall serve the summonses, the complaint, this Order and the Notice of Hearing dated April 16, 2015 upon those defendants.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. In addition, the Clerk of the Court shall serve a copy of the Notice of Hearing dated April 16, 2015 upon plaintiff and record such service upon the docket.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 16, 2015
       Central Islip, New York

11