FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ OCT 01 2015 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAWN K. MCAVOY,

                Plaintiff,

          -against-

DEPUTY SHERIFF GEORGE RAYNOR, DEPUTY
SHERIFF CHRISTOPHER FISCHER, DEPUTY SHERIFF
DANIEL LUTZ, DEPUTY SHERIFF STEVEN GORDON
and DEPUTY SHERIFF CHRISTOPHER RONCA,

                Defendants.
------------------------------------------------------------X

ORDER
14-CV-6293(SJF)(AKT)

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation ("the Report") of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated July 30, 2015, recommending that this case be administratively closed for plaintiff's failure to provide the Court with his current mailing address, with leave to re-open "within six months in the event that the [p]laintiff communicates with the Court in the interim." (Report at 3). Notice of entry of the Report was served upon plaintiff by sending a copy thereof via first class mail to his last known address at 4235 Deephole Drive, Mattituck, New York 11952, on July 31, 2015. Thus, the Report put plaintiff on notice that his failure to provide the Court with his current mailing address would result in the dismissal of his case[1], and he is being afforded a six (6)-month opportunity to be heard and to proceed on the merits of his claims, insofar as plaintiff must file a

---

[1] "Any claim of absence of [notice or opportunity to be heard] would be the direct result of plaintiff's own failure to notify the Court * * * of his whereabouts." Crawn v. Town of Wallkill, No. 07 Civ. 1032, 2013 WL 3227216, at * 2 (S.D.N.Y. June 26, 2013); see also Reid v. New York City, No. 07 Civ. 9788, 2009 WL 2222608, at *4 (S.D.N.Y. July 23, 2009) (finding that dismissal for failure to prosecute was warranted where the court took "all reasonable steps to provide [] notice" to the plaintiff and the plaintiff's failure to receive such notice was "plainly a result of his own failure to keep the court and defendants apprised of his location.")

1

motion seeking leave to reopen this case, and providing the Court with his current address, **on or before March 31, 2016**, or his case will be deemed dismissed in its entirety with prejudice.

Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so. As the Report did not advise plaintiff of either the time limit for filing objections, or the consequences of a failure to timely object thereto, his failure to file any objections does not operate as a waiver of further judicial review of the Report. See Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); cf. Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015). However, plaintiff's failure to respond in any way to the Report, which clearly notified him of his obligation to provide the Court with his current address and the consequences of his failure to do so, demonstrates his apparent disinterest in prosecuting this case.

Furthermore, plaintiff has not taken any steps to prosecute this action or communicate with the Court since he filed the complaint more than eleven (11) months ago, which is sufficient to justify dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See, e.g., Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (affirming dismissal for failure to prosecute where, *inter alia*, the plaintiff caused a "'delay of significant duration' in th[e] litigation, as the proceedings ground to a halt for over seven months as a result of his inaction[.]"); Caussade v. United States, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013) (finding that a delay in prosecuting the action for seven (7) months "weigh[ed] heavily in favor of dismissal.")

Moreover, prejudice to defendants may fairly be presumed if this case is left pending "for an indefinite time into the future * * *[,]" Crawn, 2013 WL 3227216, at * 2 (citing Reid, 2009 WL 2222608, at *4); see also Maldonado, 2013 WL 5206396, at * 2 ("A plaintiff's unreasonable delay presumptively prejudices the defendants"), and "[i]t is not an efficient use of the Court's ... resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Crawn, 2013 WL 3227216, at * 2 (citing Alomar v. Recard, No. 07–CV–5654, 2010

WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010)); see also Caussade, 293 F.R.D. at 631 (finding that where the plaintiff "made no effort to prosecute th[e] action, it would be unfair to the numerous other litigants who await the attention of th[e] Court to permit her suit to remain on the docket"); Rennie v. City of New York, No. 95 Civ. 2234, 1996 WL 2002, at * 1 (S.D.N.Y. Jan. 3, 1996) ("[W]here the Court is faced with a plaintiff * * * who seems uninterested in pursuing his opportunity for due process, * * * justice requires clearing the dormant case from the docket and removing the cloud from defendants.")

In addition, given plaintiff's failure to respond in any way to the Report and apparent disinterest in prosecuting this case, "there is no reason to believe that any alternative, lesser sanction to dismissal would spur plaintiff to diligently pursue the action." Crawn, 2013 WL 3227216, at * 2; see also English v. Azcazubi, No. 13-cv-5074, 2015 WL 1298654, at * 4 (E.D.N.Y. Mar. 20, 2015) (finding that "no lesser sanction than dismissal [was] likely to be effective given [the] plaintiff's failure to respond to the Court's Order explicitly listing failure to respond as a potential ground for dismissal[]" and to apprise the Court of his change of address).

Accordingly, for the reasons stated herein and in the Report, this case is dismissed with prejudice <u>unless plaintiff files a motion seeking leave to reopen the case, and providing the Court with his current address, **on or before March 31, 2016.**</u> The Clerk of the Court shall close this case and serve notice of entry of this Order upon plaintiff by mailing a copy of this Order to his last known address at 4235 Deephole Drive, Mattituck, New York 11952.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: October 1, 2015
Central Islip, New York